## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ALYSSA CORMIER, | § | |
| CLAIRE BRUDNER, | § | |
| MARIANNA ACOSTA, | § | |
| and ESTY PITTMAN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-647-RP |
| | § | |
| SCRIBE MEDIA, LLC, | § | |
| BOND FINANCIAL TECHNOLOGIES | § | JURY TRIAL DEMANDED |
| HOLDINGS, LLC, | § | |
| ENDURING VENTURES, INC., | § | |
| ENDURING CONSULTING GROUP | § | |
| LLC, and | § | |
| ENDURING VENTURES TY | § | |
| PARTNERSHIP LLC, | § | |
| Defendants. | § | |

## PLAINTIFFS' REPLY TO CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiffs, in the alternative to their response in opposition to Certain Defendants' Renewed Motion to Dismiss (Dkt. 27) ("Motion to Dismiss"), submit the following in support of their Motion for Jurisdictional Discovery (Dkt. 28) ("Motion for Discovery").

## I. Plaintiffs' Requested Relief is Pled in the Alternative to Plaintiffs' Opposition to Certain Defendants' Motion to Dismiss.

If a court finds that a motion to dismiss based on a lack of personal jurisdiction raises issues of fact, it may authorize jurisdictional discovery. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Indeed, courts who fail to permit jurisdictional discovery before dismissing a case for lack of jurisdiction risk having the dismissal overturned on appeal. *See Skidmore v. Syntex Labs., Inc.*, 529 F.2d 1244, 1248-1249 (5th Cir. 1976) (holding "the district court acted too drastically in entering its order of dismissal without giving the plaintiff a further opportunity for discovery and amendment of her complaint"). Therefore, it is common practice for

plaintiffs to request, and for courts to grant, jurisdictional discovery *in the alternative* to denying a defendant's motion to dismiss. *See, e.g., Royal Ten Cate USA, Inc. v. TTAH Tr. Co. Ltd*., No. A-11-CA-1057 LY, 2012 WL 2376282 (W.D. Tex. June 22, 2012); *Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc*., No. SA-19-CV-00136-JKP, 2020 WL 110753 (W.D. Tex. Jan. 9, 2020).

Here, Plaintiffs have alleged sufficient facts for the Court to exercise personal jurisdiction over the EV Defendants. *See generally*, Plaintiffs' Third Amended Complaint, Dkt. 23 at pp. 7-13. The only evidence the EV Defendants submit in support of their Motion to Dismiss—a single, self-serving affidavit – is contradicted in multiple instances by public record. *Compare* Dkt. 27-1 at 18 *with* Dkt. 29-2 at 4-10; *compare* Dkt. 27-1 at 17 *with* Dkt. 23 at ¶ 60. In their Reply (Dkt. 30), the EV Defendants fail to address any of these contradictions which discredit their threadbare evidence. Moreover, the EV Defendants failed to timely file their Reply, which permits this Court to disregard it in its entirety.

In the event the Court does not agree that Plaintiffs have alleged sufficient evidence to support the exercise of personal jurisdiction over the EV Defendants, Plaintiffs have alternatively moved this Court to permit jurisdictional discovery to resolve any issue of fact. Dkt. 28. If the Court denies the Motion to Dismiss, then Plaintiffs' Motion for Discovery will be rendered moot. But if the "district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it **must** give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss." *McAllister v. FDIC*, 87 F.3d 762, 766 (5th Cir. 1996).

## II.     Defendants Do Not Contest That Plaintiffs Have Met Their Burden.

Defendants do not contest that Plaintiffs have met their burden demonstrating a need for jurisdictional discovery if the Court does not deny the Motion to Dismiss. It appears Defendants'

sole argument in opposition to Plaintiffs' Motion for Discovery is that because Plaintiffs did not agree to conduct such discovery before the Court ruled on the Motion to Dismiss, Plaintiffs are no longer entitled to their requested relief. *See* Dkt. 30 at 11. Defendants' argument misses the mark entirely, as it fundamentally disregards the concept of requesting relief in the alternative. Jurisdictional discovery only becomes proper if a court finds that there are fact issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues."). It would be a considerable waste of resources for the Parties to engage in protracted discovery over jurisdictional issues if this Court were to simply deny the Motion to Dismiss. It is of no moment, then, that the Plaintiffs did not agree to the relief they requested in the alternative before the Court's ruling on the underlying Motion to Dismiss.

## III.    Conclusion.

If the Court finds that issues of fact remain related to personal jurisdiction over the EV Defendants, Plaintiffs have shown that they are entitled to conduct jurisdictional discovery.

Respectfully submitted,

By:      */s/ Caitlin Boehne*
     Caitlin Boehne
     Texas Bar No. 24075815
     cboehne@kaplanlawatx.com
     Ryan Estes
     Texas Bar No. 24120586
     restes@kaplanlawatx.com
     Austin Kaplan
     State Bar No. 24072176
     akaplan@kaplanlawatx.com

     KAPLAN LAW FIRM
     2901 Bee Cave Road, Suite G
     Austin, Texas 78746
     Tel.: (512) 814-7348
     Fax: (512) 692-2788

     ***Attorneys for Plaintiffs and Putative Class Members***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Caitlin Boehne*