# Exhibit "E"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALYSSA CORMIER,** | § | |
| **CLAIRE BRUDNER,** | § | |
| **MARIANNA ACOSTA,** | § | |
| **and ESTY PITTMAN,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:23-cv-647-RP** |
| | § | |
| **SCRIBE MEDIA, LLC,** | § | |
| **BOND FINANCIAL TECHNOLOGIES** | § | **JURY TRIAL DEMANDED** |
| **HOLDINGS, LLC,** | § | |
| **ENDURING VENTURES, INC.,** | § | |
| **ENDURING CONSULTING GROUP** | § | |
| **LLC, and** | § | |
| **ENDURING VENTURES TY** | § | |
| **PARTNERSHIP LLC,** | § | |
| **Defendants.** | § | |

**DECLARATION OF AUSTIN KAPLAN
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Austin Kaplan, declare as follows:

1.  I am the principal and founder of Kaplan Law Firm, PLLC ("KLF"), which is based in Austin, Texas, and am one of the counsel of record for Plaintiffs in the above-captioned case. This declaration is based upon my personal knowledge and if called to testify I could and would do so competently as follows.

2.  I am duly licensed to practice law in Texas and Illinois. I graduated *cum laude* from American University in 2001 and graduated from University of Illinois College of Law *magna cum laude* in 2008. I am also admitted to each of the U.S. District Courts within the State of Texas and the U.S. District Courts for the Northern and Central Districts of Illinois.

3.   I have represented clients in employment litigation in federal and state courts since 2008, including discrimination, wage-hour, and breach of contract matters, among others. Representing plaintiffs in employment litigation makes up the vast majority of my practice, and that of KLF.

4.   My further qualifications and professional experience are listed below:

- Member: State Bar of Texas (Labor and Employment Section); Austin Bar Association (Section: Labor and Employment); Texas Employment Lawyers' Association; Texas Trial Lawyers Association; Capital Area Trial Lawyers Association; Austin Capital Area Plaintiffs' Employment Lawyers Association.

- 2016 Austin under 40 Lawyer of the Year and Austinite of the Year.

- 2017-2018 President of the Austin Young Lawyers Association.

- Board Certified by TBLS in Labor and Employment Law.

5.   I have represented groups of plaintiffs in multiple collective actions and class actions, including:

- *Thurston v Solarwinds, Inc*., Case 1:16-cv-00213-LY (W.D. Tex.-Austin Div.): Represented 59 plaintiffs in an Fair Labor Standards Act (FLSA) collective action.

- *Flynn et al. v. Informatica, LLC*, Case No. 1:20-cv-00054-JRN (W.D. Tex.-Austin Div.): Represented multi-plaintiffs in an FLSA action.

- *Brown v. Quantcast Corp*., Case no. 3:19-cv-05773 (N.D. Cal.): Represented plaintiffs in a putative class and collective action for overtime and unpaid wages.

- *Plante, et al. v. Storybuilt, LLC, et al.*, Case No. 1:23-cv-01021-DAE (W.D. Tex. – Austin Div.): Currently represents a putative class of approximately 83 former employees of a real estate developer in an action under the Worker Adjustment and Retraining Notification Act (WARN) and for breach of contract.

- *Mertens, et al. v. Benelux Corporation d/b/a Palazio Men's Club, et al.*, Case No. 1:24-cv-276-RP (W.D. Tex. – Austin Div.): Currently represents a group of current and former strip club wait staff in a hybrid Rule 23 class action and an opt-out collective action under the FLSA for minimum wage violations, tip misappropriation, and tax fraud.

- *Stevens, et al. v. Cymulate, Inc.*, Case No. 3:23-cv-2407-K (N.D. Tex. – Dallas Div.): Currently represents a group of sales workers in a collective action under the FLSA and Colorado state law for failure to pay overtime, as well as retaliation.

6. In addition to me, KLF has three other attorneys working on this matter: J. Bryan Wood, Caitlin Boehne, and Ryan Estes. As the principal of KLF, I was responsible for their hiring, management, and am familiar with their qualifications and background.

7. J. Bryan Wood graduated from the University of Virgina in 1996 and the University of Virginia School of Law in 1999 (the University does not confer Latin honors designations). Mr. Wood has been admitted to practice law in the State of Illinois since 1999 and is admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of Illinois, and the U.S. Courts of Appeals for the Sixth and Seventh Circuits. He has been admitted to the Western District of Texas *pro hac vice.*

8. Mr. Wood has practiced almost exclusively in employment law since 1999, and has litigated employment claims for plaintiffs in class, collective, and individual actions in courts, administrative agencies, and arbitral forums, including federal jury trials and arbitration hearings resulting in multi-million-dollar verdicts or awards. Mr. Wood established his own practice in 2007 where he co-counseled with over a dozen employment law firms throughout the Midwest and California. He has received an AV+ Preeminent Lawyer rating from Martindale-Hubbell each year

since 2016 and has been recognized as an Illinois Super Lawyer in the category of "Employment Litigation: Plaintiff" each year since 2016.  He is a frequent speaker on labor and employment legal issues and professional responsibility obligations for small law office practitioners.  He is a past Chicago Bar Association Labor and Employment Law Practice Committee Chair and has been a board member of the National Employment Lawyers Association-Illinois since 2009, an officer for over a decade, and currently serves as a Board member.

9.   Since starting his own practice in 2007, Mr. Wood (along with co-counsel) has been appointed Class Counsel or represented putative classes in the following cases:

- *Edmond et al. v. City of Chicago*, 17-CV-4858 (N.D. Ill.): Represented a putative class of African American employees of Chicago's Water Department alleging a racially hostile work environment and discriminatory terms and conditions of employment.

- *Nelson et al. v. Pace Suburban Bus et al.*, 17-cv-07697 (N.D. Ill.): Represented a putative class of African American bus operators alleging racial discrimination in disciplinary actions and termination.

- *Williams, et al. v. Wells Fargo Advisors, LLC*, 14-cv-1981 (N.D. Ill.): Appointed class counsel for purposes of settlement in a case alleging illegal training cost repayment agreements and wage and hour violations under federal and state laws.

- *Pippen, et al. v. State of Iowa, et al.*, No. 12-0913 (Sup. Ct. of Iowa): Appointed class counsel for hundreds of African Americans asserting unintentional hiring and promotion discrimination claims under federal and Iowa law. He also represented the class on appeal after certified disparate impact claims were tried to verdict over the course of several weeks.

- *Chicago Fire Fighters, et al. v. Chicago, et al.*, 88-cv-3773 (N.D. Ill.): Appointed as class counsel in for a class of fire fighters asserting race discrimination claims under federal law for purposes of administering a class settlement.

- *Biondo, et al. v. The Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago*, 17-cv-2372 (N.D. Ill.): Represented a putative class of retired City of Chicago firefighters alleging claims related to unpaid pension increases.

- *Warr-Hightower v. Board of Trustees of Illinois Central College at al.*, 1:17-cv-1153-JBM (C.D. Ill.): Represented a putative class of African Americans alleging discrimination in pay, promotion and terms and conditions of employment.

- *Ahad et al. v. Board of Trustees of Southern Illinois University, et al.*, 3:15-cv-03308-SEM-TSH (C.D. Ill.): Represented a conditionally certified Equal Pay Act collective and a putative class of female physicians alleging gender-based pay discrimination.

- *Jones et al. v. Young Men's Christian Association of the USA*, 1:09-cv-06437 (N.D. Ill.): Represented a putative class of African American employees alleging race discrimination in pay, promotions, and performance evaluations.

- *Mathis, et al. v. Darden Restaurants, Inc. et al.* 12-61742-CV-DIMITROULEAS/SNOW (S.D. Fla.): Represented over 150 workers in Iowa, Illinois and Wisconsin asserting individual wage and hour claims in arbitration after decertification of a wage and hour FLSA collective action.

10. Caitlin Boehne graduated *cum laude* from New York University in 2009 and graduated from the University of Texas School of Law in 2012. She has been licensed to practice law in Texas since 2012 and is admitted to each of the U.S. District Courts within Texas. Ms. Boehne's

principal area of practice is plaintiff-side civil employment litigation. She has over ten years of experience litigating individual, class, and collective actions on behalf of workers.

11. Ms. Boehne has been appointed Class Counsel or represented putative classes or collective actions in the following cases:

- *Casilao, et al. v. Hotelmacher LLC, et al.*, Case No. 5 :17-cv-00800-SLP (W.D. Okla.): Appointed Class Counsel for a group of approximately 25 former H-2B hospitality guestworkers from the Philippines in an action under the Trafficking Victims Protection Reauthorization Act, as well as claims of breach of contract.

- *Plante, et al. v. Storybuilt, LLC, et al.*, Case No. 1:23-cv-01021-DAE (W.D. Tex. – Austin Div.): Currently represents a putative class of approximately 83 former employees of a real estate developer in an action under the WARN Act and for breach of contract.

- *Mertens, et al. v. Benelux Corporation d/b/a Palazio Men's Club, et al.*, Case No. 1:24-cv-276-RP (W.D. Tex. – Austin Div.): Currently represents a group of current and former strip club waitstaff in a hybrid Rule 23 class action and an opt-out collective action under the Fair Labor Standards Act for minimum wage violations, tip misappropriation, and tax fraud.

- *Francis, et al. v. Apex USA, et al.*, Case No. 5:18-cv-00583-SLP (W.D. Okla): Represented a putative class of former J-1 hospitality guestworkers in an action under the Trafficking Victims Protection Reauthorization Act.

- *Stevens, et al. v. Cymulate, Inc.*, Case No. 3:23-cv-2407-K (N.D. Tex. – Dallas Div.): Represents a group of sales workers in a collective action under the Fair

Labor Standards Act and Colorado state law for failure to pay overtime, as well as retaliation.

- *Mendoza v. Shalom Home Care, Inc.*, Case No. 1:22-cv-128 (S.D. Tex. – Brownsville Div.): Represented a group of home health care aides in a collective action for unpaid overtime wages under the FLSA.

- *T.S., by and through his next friend, et al. v. The Burke Foundation d/b/a Burke Center for Youth*, Case No. 1:19-cv-809-RP (W.D. Tex. – Austin Div.): Represented former youth residents of residential treatment center in a hybrid Rule 23 class and opt-out collective action for unpaid minimum wages under the Fair Labor Standards Act and breach of contract damages.

- *Salazar v. Tri-Lam Roofing & Waterproofing, Inc. et al*., Case No. 3:19-cv-0823-K (N.D. Tex. – Dallas Div.): Represented roofing laborers in a collective action for unpaid overtime wages under the FLSA/

- *Moreno v. Raul Cantu, et al.*, Case No. 7:18-cv-00150 (S.D. Tex. – McAllen Div.): Represented outlet mall kiosk workers in a collective action for unpaid overtime and minimum wages under the FLSA.

12. Ryan Estes graduated from the University of Michigan in 2010 and graduated from the John Marshall Law School (now the University of Illinois-Chicago School of Law) in 2013. He has been licensed to practice law in Illinois since 2013 and licensed in Texas since 2020. Mr. Estes is admitted to the U.S. District Court for the Western District of Texas, Northern and Central Districts of Illinois, and the Seventh Circuit Court of Appeals.

13. Mr. Estes has practiced almost exclusively in employment since becoming an attorney in 2013 and has litigated employment claims for plaintiffs on an individual, class, and collective

basis. Mr. Estes was a member of multiple trial teams that resulted in successful verdicts for plaintiffs in employment discrimination cases in the Northern District of Illinois. He has also spoken to multiple bar associations in Illinois and Texas regarding unique employment law issues.

14. Mr. Estes has represented putative classes or collective actions in the following cases:

- *Mertens, et al. v. Benelux Corporation d/b/a Palazio Men's Club, et al.*, Case No. 1:24-cv-276-RP (W.D. Tex. – Austin Div.): Currently represents a group of current and former strip club wait staff in a hybrid Rule 23 class action and an opt-out collective action under the FLSA for minimum wage violations, tip misappropriation, and tax fraud.

- *Plante, et al. v. Storybuilt, LLC, et al.*, Case No. 1:23-cv-01021-DAE (W.D. Tex. – Austin Div.): Currently represents a putative class of approximately 83 former employees of a real estate developer in an action under the WARN Act and for breach of contract.

- *Edmond et al. v. City of Chicago*, 17-CV-4858 (N.D. Ill.): Represented a putative class of African American employees of Chicago's Water Department alleging a racially hostile work environment and discriminatory terms and conditions of employment.

- *Nelson et al. v. Pace Suburban Bus et al.*, 17-cv-07697 (N.D. Ill.): Represented a putative class of African American bus operators alleging racial discrimination in disciplinary actions and termination.

- *Ahad et al. v. Board of Trustees of Southern Illinois University, et al.*, 3:15-cv-03308-SEM-TSH (C.D. Ill.): Represented a conditionally certified Equal Pay Act collective and a putative class of female physicians alleging gender-based pay discrimination.

15. As described above, Mr. Kaplan, Ms. Boehne, and Mr. Estes are currently handling three other cases where class action allegations have been made.

16. KLF is committed to advocating vigorously on behalf of the Plaintiff class. KLF has the resources required to litigate this matter in a zealous and thorough manner.

17. Our firm has already done extensive work identifying and investigating potential claims in this action and remain committed to representing Plaintiffs and the proposed class. Since Summer 2023, we have prepared pleadings, briefed a response to Defendants' motion to dismiss, engaged bankruptcy counsel who won a partial stay of the bankruptcy proceedings against Scribe Media LLC to allow this action to proceed against Scribe, interviewed witnesses and prepared declarations, developed and implemented strategy, and communicated with Plaintiffs and putative class members.

18. Each Plaintiff has been an active participant in this litigation. Each has helped provide information and/or made themselves available for meetings to discuss key strategic decisions.

19. To my knowledge, KLF has no conflicts of interest that would prevent the firm from providing zealous representation of the named Plaintiffs and the class.

20. KLF has discussed and thoroughly explained to the Plaintiffs the nature of a class action and potential advantages and disadvantages of this vehicle. After these discussions, Plaintiffs decided that proceeding in a class action is the best way to seek legal relief for themselves and their former co-workers affected by the mass layoff.

21. To my knowledge, there are no separate active actions in any court against the defendants alleging the same or similar causes of action, and no absent class members with an interest in pursuing individual claims.

22. In my opinion, the claims of this WARN Act class action will not require subclasses now or in the future.

23. As required by Appendix A of the Local Rules of the Western District of Texas, we are providing a description of the extent of settlement negotiations.  The parties have not had the opportunity to engage in settlement discussions. Shortly after filing, attorneys for Defendant Scribe said the company would be filing bankruptcy imminently and also pursuing a sale to a successor entity. Defendant Scribe eventually filed for bankruptcy. One of the Successor Defendants filed an Answer, and the remaining Defendants filed a motion to dismiss which has not yet been ruled upon by the Court. Counsel for the Successor Defendants said his clients may be willing to discuss resolution after the Court rules on the motion to dismiss.

24. We do not foresee the likelihood of any of the named plaintiffs settling on an individual basis.

25. KLF is prepared to pay for the security deposit and cost of sending out notice to the class, including by first class mail, SMS/text message, and electronic mail, insofar as those notice methods are approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Austin, Texas on April 25, 2024.


 */s/ Austin Kaplan*
Austin Kaplan