UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALYSSA CORMIER, CLAIRE BRUDNER, ESTY PITTMAN, MARIANNA ACOSTA,<br>*Plaintiffs*<br><br>v.<br><br>SCRIBE MEDIA, LLC, BOND FINANCIAL TECHNOLOGIES HOLDINGS, LLC, ENDURING VENTURES, INC., ENDURING CONSULTING GROUP, LLC., ENDURING VENTURES TY PARTNERSHIP LLC,<br>*Defendants* | §§§§§§§§§§§§§§§ No. 1:23-CV-00647-DAE |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES SENIOR DISTRICT JUDGE

Before the Court is Plaintiffs Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman's ("Plaintiffs") motion for emergency relief, Dkt. 53; and all related briefing. After reviewing these filings and the relevant case law, as well as holding a hearing, the undersigned recommends that the District Court grant in part and deny in part Plaintiffs' motion.

## I.   BACKGROUND

Plaintiffs initiated this putative class action based on Defendants Scribe Media, LLC ("Scribe"), Bond Financial Technologies Holdings, LLC ("Bond"), Enduring Ventures, Inc. ("EV"), Enduring Consulting Group LLC ("EC"), and

1

Enduring Ventures TY Partnership LLC's ("EVP")'s alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). *See* Dkt. 23. Although Plaintiffs' motion for class certification remains pending, they now seek emergency relief to protect potential class members from settlement offers Defendants have sent to potential class members. Dkt. 53.

The record reflects that Scribe's CEO, Eric Jorgenson, sent an email to certain putative class members offering a settlement agreement on behalf of Defendants Bond, EV, EC, and EVP (the "Successor Defendants").[1] Dkts. 55-2; 55-3. Jorgenson also called absent class members after they declined Bond's offer. Dkt. 57-2, at 3. Plaintiffs attached declarations from absent class members who perceived Jorgenson's communications regarding a potential settlement to be "misleading" and "threatening." Dkts. 57-1, at 3; 57-2, at 3. One potential class member describes having to block Jorgenson via phone and LinkedIn to stop the communications. Dkt. 57-2, at 3. Jorgenson also recently announced that "dozens" of absent class members have already accepted Bond's settlement offer. Dkt. 57-3, at 2. Counsel for Successor Defendants represents that they were unaware of their clients' communications with potential class members. Dkt. 53-1, at 3.

Plaintiffs now seek relief from this Court to prevent the Successor Defendants from communicating any further with potential class members. *See* Dkt. 53. Specifically, Plaintiffs ask the Court to: (1) issue a curative notice to putative class members who received the Successor Defendants' communications; (2) deem any

---

[1] Defendant Scribe is in bankruptcy proceedings, Dkt. 21, and this case has been stayed as to Scribe. Dkt. 22.

settlement agreements resulting from Successor Defendants' communications voidable, and (3) direct Successor Defendants to conduct all settlement communications with putative class members solely though Plaintiffs' counsel, or alternatively appoint Plaintiffs' counsel as interim class counsel under Fed. R. Civ. P. 23(g). *Id.* at 6-7. Bond[2] responds that no such orders are needed because Jorgenson's communications with potential class members are lawful and do not merit such interference from the Court. *See* Dkt. 55.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(d) allows district courts "to issue orders that … require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of … any step in the action." Fed. R. Civ. P. 23(d)(1)(B)(i). The Supreme Court has recognized that "[c]lass actions serve an important function in our system of civil justice," but "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" even before a class is certified. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-101 (1981). The district court's ample discretion in this regard "is bounded by the relevant provisions of the Federal Rules." *Id.* at 101. District courts must ensure that they are honoring the policies embodied in Rule 23 by only issuing orders limiting communications between parties and potential class members "based on a clear

---

[2] EV, EC, and EVP (the "EV Defendants") did not file their own response to Plaintiffs' emergency motion because of their objections to the exercise of personal jurisdiction over them. Dkt. 55, at 1 n.1.

record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.*

### III.  DISCUSSION

During a hearing on Plaintiffs' motion for emergency relief, the parties reached an agreement regarding Jorgenson's communications with the putative class members. Dkt. 56. Specifically, the parties agreed that Jorgenson, as well as anyone acting directly or indirectly on his or Bond's behalf, will cease all communications with putative class members related to this litigation until the Court reaches a decision on class certification. The undersigned thus recommends that Plaintiffs' motion for emergency relief be granted to the extent that the parties have agreed that Jorgenson, as well as anyone acting on his behalf, shall not communicate with any putative class members regarding this litigation until the Court has ruled on the pending motion to certify class. As for the other forms of relief sought by Plaintiffs in their emergency motion for relief, *see* Dkt. 53, the undersigned recommends that they be denied without prejudice.

### IV.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Plaintiffs' motion for emergency relief, Dkt. 53.

### V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous,

4

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 12, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE