IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALYSSA CORMIER, ET. AL, | § | No. 1:23-CV-647-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| SCRIBE MEDIA, LLC, ET. AL, | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) LIFTING BANKRUPTCY STAY; (2) ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE; AND (2) GRANTING EV DEFENDANTS' MOTION TO DISMISS

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 67) submitted by United States Magistrate Judge Dustin Howell. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, and conducting its own de novo review of the issues raised in the objections, the Court **ADOPTS** Judge Howell's recommendation, and **GRANTS** Defendants Enduring Ventures, Inc. ("EV"), Enduring Consulting Group LLC ("EC"), and Enduring Ventures TY Partnership LLC's ("EVP") (collectively, "EV Defendants") Motion to Dismiss (Dkt. # 27.)

BACKGROUND

The Court will recite the background facts of this matter as stated by Judge Howell in his Report.[1] On June 7, 2023, Plaintiffs Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman, individually and on behalf of all others similarly situated ("Plaintiffs"), initiated this putative class-action lawsuit based on Defendant Scribe Media, LLC's ("Scribe") alleged violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").[2] (Dkt. # 23.) Plaintiffs allege that Scribe, an Austin-based publishing company, failed to comply with the WARN Act's notice requirement when it terminated ninety of its employees on May 24, 2023. (Id. at 4, 18.)

Scribe, which has been experiencing financial difficulties, subsequently sought to sell the company to eliminate debts and gain investors. (Id. at 4, 7.) According to Plaintiffs' third amended complaint, EV announced on LinkedIn in June 2023 that it had purchased Scribe. (Id. at 8–9.) Plaintiffs allege that EV created Bond Financial Technologies ("Bond"), an Austin-based company,

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

[2] On December 14, 2023, the Court entered an automatic stay pursuant to 11 U.S.C. § 362 because Scribe was a debtor in a Chapter 7 bankruptcy proceeding. (Dkt. # 22.) On February 2, 2024, Plaintiffs notified the Court that the Bankruptcy Court modified that automatic stay and Plaintiffs requested that the Court lift its stay against Scribe and allow the case to proceed. (Dkt. # 33.) The Court hereby **LIFTS** the automatic stay and will allow the case to proceed against Scribe.

to assume control of Scribe, but that there are "no formal barriers" between the EV Defendants and Bond: Bond's sole corporate director is EC, whose sole managing member is EV, and whose sole managing member is EVP.  (Id. at 9; see also Dkt. # 27-1, at 2.)  All of these organizations are run by two individuals—Francis Helgesen and Vsevolod Kozinsky—with Kozinsky having served as the interim CEO of Scribe after its sale.  (Dkt. # 23 at 9.)  Plaintiffs further allege that the EV Defendants made business decisions on behalf of Scribe between June and August 2023, which required travel to Texas "for extended periods of time" and communications with individuals in Texas.  (Id. at 9–12.)  Plaintiffs contend that the EV Defendants are alter egos of Bond based on "the interconnectedness of their finances, operations, and leadership."  (Id. at 12–13.)

The EV Defendants attached an affidavit from Kozinsky to their motion to dismiss, disputing their involvement in Bond and Scribe.  (See Dkt. 27-1.)  Kozinsky's affidavit emphasizes that Bond alone acquired certain of Scribe's assets through a foreclosure sale agreement to which no EV Defendant was a party.  (Dkt. # 27-1, at 2–3.)  Kozinsky's affidavit states that Bond, EV, EC, and EVP each hold their own corporate meetings and maintain separate records, and that none of the EV Defendants conduct or oversee any of Bond's day-to-day business.  (Id. at 3–4.)  Moreover, Kozinsky's affidavit denies that the EV Defendants made any business decisions for or initiated any contacts in Texas on behalf of Scribe,

indicating that any of "those acts would have been undertaken by Bond." (Id. at 4–5.)

Plaintiffs attached to the response in opposition to the EV Defendants' motion to dismiss an affidavit from Alyssa Cormier, a former Scribe employee and named plaintiff in this case. (Dkt. # 29-2.) Cormier's affidavit summarizes a "virtual townhall" hosted by Kozinsky while he served as Scribe's interim CEO. (Id. at 1–2.) During this virtual townhall, Kozinsky identified himself as an owner of EV, shared EV's "future goals" for Scribe, and told listeners that he and another colleague from EV had traveled to Austin to meet with Scribe's remaining employees and learn more about the company's financial status. (Id. at 3–4.)

On January 17, 2024, the EV Defendants moved to dismiss Plaintiffs' claims against them, arguing that the EV Defendants do not have sufficient contacts with Texas to be subject to personal jurisdiction in this forum. (Dkt. # 27.) On January 31, 2024, Plaintiffs filed a response in opposition arguing that they have alleged sufficient contacts between the EV Defendants and Texas for this court to exercise personal jurisdiction over them, and alternatively request jurisdictional discovery (for a second time). (Dkt. # 29.) On February 8, 2024, EV Defendants filed their reply. (Dkt. # 30.)

After the motion to dismiss was fully briefed, on March 21, 2024, it was referred to Magistrate Judge Howell for his Report.[3]  On September 11, 2024, Judge Howell issued his Report.  (Dkt. # 67.)  On September 25, 2024, Plaintiffs filed objections to the Report (Dkts. # 71); on October 9, 2024, the EV Defendants filed a response to the objections (Dkt. # 75).  The objections are addressed below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is

---

[3] On August 9, 2024, this case was reassigned to the undersigned.  (Dkt. # 54.)

clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

In his Report, Judge Howell made the following findings: (1) the relevant factors weigh against finding personal jurisdiction over the EV Defendants under either an alter ego or single-business enterprise theory; (2) Plaintiffs have not made a prima facie showing that the exercise of general jurisdiction over the EV Defendants can be maintained based on Bond's contacts with Texas; (3) Plaintiffs have failed to establish a prima facie case that specific personal jurisdiction exists over the EV Defendants; and (4) Plaintiffs' request for jurisdictional discovery is denied because they failed to explain what they believed discovery would uncover and how those facts would support personal jurisdiction. (Dkt. # 67.)  Judge Howell recommended that the Court therefore grant the EV Defendants' motion to dismiss (Dkt. # 27).

Plaintiffs have filed objections to the Report.  (Dkt. # 71.)  Plaintiffs argue that: (1) the Magistrate Judge failed to follow Fifth Circuit precedent and construe all disputed facts in Plaintiffs' favor; and (2) the Magistrate Judge misapplied the second prong of the specific jurisdiction test (litigation arising out of a defendant's activity in the forum). (Dkt. # 71.)  Plaintiffs contend that they alleged and provided supporting evidence that specific jurisdiction exists and that

6

an exercise of general personal jurisdiction by virtue of EV Defendants' status as alter egos of Bond exists. (Id.) The Court addresses each objection in turn.

    A.    <u>Disputed Facts</u>

Plaintiffs argue that the Report errs by failing to credit facts Plaintiffs alleged which EV Defendants did not refute and failing to resolve disputed facts in Plaintiffs' favor. (Dkt. # 71 at 10.) Plaintiffs assert the Magistrate Judge also erred by misapplying the relevant Fifth Circuit test in determining whether EV Defendants purposefully directed their activities at Texas before Bond was operational. (Id.) Plaintiffs maintain that disputed facts exist as to whether EV Defendants' travel to Texas was on behalf of Bond or on behalf of the EV Defendants. (Id. at 10–11.) Additionally, Plaintiffs argue that the Magistrate Judge wrongly resolved disputed facts about EV Defendants' status as alter egos of Bond in the EV Defendants' favor when analyzing general jurisdiction. (Id. at 11.) Plaintiffs further assert that the Magistrate Judge weighed the evidence and credited different, disputed facts offered by EV Defendants without conducting an evidentiary hearing. (Id. at 12.)

The plaintiff, as the party invoking the court's jurisdiction, bears the burden of establishing that personal jurisdiction is proper. <u>Monkton Ins. Servs., Ltd. v. Ritter</u>, 768 F.3d 429, 431 (5th Cir. 2014). When the defendant challenges personal jurisdiction pursuant to a Rule 12(b)(2) motion, the matter may be

7

determined without an evidentiary hearing.  Ham v. La Cienega Music Co., 4 F.3d 413, 415 & n.4 (5th Cir. 1993) ("The district court usually resolves the jurisdictional issue without conducting a hearing.").  In that event, the plaintiff need only make a prima facie case.  Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

The plaintiff's prima facie burden is to show "that the nonresident defendant has purposefully established 'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  WNS, Inc. v. Farrow, 884 F.2d 200, 202 (5th Cir. 1989) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (quoting, in turn, Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Jurisdiction may be general or specific.  General jurisdiction requires "continuous and systematic" forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.  In contrast, specific jurisdiction obtains only where a defendant "purposefully direct[s]" his activities toward the state and the plaintiff's claim "aris[es] out of or [is] related to" the defendant's forum contacts.  In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig., 888 F.3d 753, 777–78 (5th Cir. 2018) (citations omitted).

If minimum contacts are shown, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair.  Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999) (citing Akro Corp. v. Luker, 45 F.3d 1541, 1547 (Fed. Cir. 1995)).  Several factors relate to traditional notions of fair play and substantial justice: "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies."  Felch v. Transportes Lar–Mex SA De CV, 92 F.3d 320, 324 n.9 (5th Cir. 1996) (quotation marks omitted).

To show that the exercise of in personam jurisdiction is unfair and unreasonable, the defendant must make a "compelling case."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985).  It is very unusual to conclude that the exercise of jurisdiction is unfair after there has been a showing of sufficient minimum contacts.  Akro, 45 F.3d at 1549 (describing it as "rare" that the plaintiff's and forum state's interests in adjudicating a case would be so attenuated as to be clearly outweighed by any burden on the defendant).

Upon careful de novo review, the Court finds the Magistrate Judge did not err by failing to resolve disputed facts in Plaintiffs' favor, nor did he err by misapplying relevant Fifth Circuit law.  Regarding specific jurisdiction, the

Magistrate Judge correctly considered, and accepted as true, Plaintiffs' evidence demonstrating that Kozinsky informed Scribe employees during a teleconference that he traveled to Texas with members of the EV Defendants in June 2023 to "meet the remaining Scribe employees." (Dkt. # 29-2 at 3.) Nonetheless, the EV Defendants presented their own evidence that none of the EV Defendants themselves traveled to Texas, but rather any such travel would have been "the conduct of Bond in its capacity as the buyer of some of Scribe's assets." (Dkt. # 27-1 at 4–5.) The evidence also supports that Kozinsky's alleged actions occurred while he served as Bond's interim CEO. (Id. at 5.) Furthermore, EV Defendants response to Plaintiffs' objection states that the Texas Business Organization Code explicitly includes a list of non-exclusive activities—*that do not constitute conducting business in Texas*—including for purposes of registering with the Texas Secretary of State. See Tex. Bus. Org. Code §§ 9.251(2)–(10), 9.252. This list includes the evidence presented in this case regarding Bond's due diligence activities prior to the purchase of Scribe's assets. See id. Given the foregoing, the Magistrate Judge correctly concluded—as does this Court on de novo review—that EV Defendants rebutted Plaintiffs' evidence to the contrary.

Regarding the Magistrate Judge's conclusion that EV Defendants did not serve as alter egos to Bond and thus no general jurisdiction exists, the Court agrees with that assessment after conducting its own de novo review of the issue.

While it is undisputed that EV Defendants own the "vast majority" of Bond's stock, a "subsidiary corporation will not be regarded as the alter ego of its parent merely because of stock ownership" or a "duplication of some or all of the directors or officer[s]." Licea v. Curacao Drydock Co., Inc., 952 F.3d 207, 213 (5th Cir. 2015). Additionally, although Plaintiffs allege that EV Defendants: (1) finance Bond; (2) caused the incorporation of Bond which operates with inadequate capital; (3) pay the wages and salaries of Bond employees and other Bond expenses; and (4) transfer funds to Bond, the Court agrees with the Magistrate Judge's assessment that EV Defendants have sufficiently disputed these allegations with evidence that Bond has its own chief operating officer and separate employees who "conduct and oversee Bond's day-to-day business operations." (Dkt. # 27-1 at 4–5.) Furthermore, the evidence demonstrates that Bond has it own separate, Texas-based headquarters, whereas EV and EC have their own separate headquarters in California.[4] (Id. at 1–2.)

      Likewise, EV Defendants have brought forth uncontradicted evidence which indicates that the EV Defendants and Bond each hold their own corporate meetings, maintain separate corporate and financial records, keep separate bank accounts, records, and payroll systems, as well as file separate tax returns. (Dkt.

---

[4] EVP, although incorporated in Nevada, does not have employees and "was formed for the purpose of acquiring ownership positions in two companies that are not related to either Bond or Scribe." (Dkt. # 27-1 at 3.)

# 27-1 at 3.)  Despite Plaintiffs' screenshots of a virtual townhall meeting, the Court finds they do not indicate any "plus factor" that moves the issue "beyond the subsidiary's mere presence within the bosom of the corporate family."  Licea, 952 F.3d at 214.  Thus, on de novo review, the Court finds that Plaintiffs have failed to make a prima facie showing that EV Defendants and Bond are alter egos or operate as a single-business entity in order to exercise general jurisdiction over the EV Defendants on this basis.  Plaintiffs' objection is therefore overruled.

  B. Specific Jurisdiction

    Plaintiffs also argue the Magistrate Judge erred when he wrongly declined to find that an exercise of specific personal jurisdiction was warranted because Plaintiffs failed to allege how their WARN Act claims arise out of the EV Defendants' contacts with Texas.  (Dkt. # 71 at 13.)  Plaintiffs argue this element of specific jurisdiction is met because EV Defendants and Bond are liable as successor entities.  (Id.)

    "Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum."  Luv N' care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (quotation marks and citation omitted); see also Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274 (5th Cir. 2006) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish

specific jurisdiction for each claim."). The Fifth Circuit uses a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (quotation marks and citation omitted). The second element is the subject of Plaintiffs' objection.

      Even if Plaintiffs could somehow meet the minimum contacts requirement in the first element, upon de novo review, the Court finds that Plaintiffs have failed to allege how their WARN Act claims arise or result from EV Defendants' contacts with Texas. Plaintiffs' allegations that EV Defendants traveled to Texas occurred after Scribe had already terminated Plaintiffs' employment and Plaintiffs fail to explain how traveling to Texas to meet with he "remaining Scribe employees" relates to Scribe's prior failure to give Plaintiffs' sufficient notice of their termination. As the Magistrate Judge quoted, the "economic consequences or other miscellaneous fallout that can be expected to trail in the wake of a failed [] business" do not give rise to specific jurisdiction."

(Dkt. # 67 at 12 (quoting Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753–55 (5th Cir. 1996).)

And, to impose successor liability, there must be: (1) a substantial continuity of business operations from the previous entity to its successor; (2) notice to the successor; and (3) the successor's ability to provide relief.  Rojas v. TK Communs., 87 F.3d 745, 750 (5th Cir. 1996).  Plaintiffs' complaint does not clearly allege this theory and it was not addressed before the Magistrate Judge in his Report in this case.

Still, in support of successor liability, Plaintiffs rely on Hollowell v. Orleans Regional Hospital LLC, 217 F.3d 379, 390 (5th Cir. 2000), which affirmed a jury instruction and verdict on successor liability "*under Louisiana law*," but this case does not stand for what Plaintiffs claim it does here.  See Rose v. Grappler Pressure Pumping, LLC, No:23-CV-00126-DC, 2024 WL 1514968, at *4 (W.D. Tex. Mar. 1, 2024) (citing Hollowell, 217 F.3d at 390); see also In re Legend Energy Services, LLC, No. 21-60451, 2023 WL 3055613, *3 (Bankr. E.D. Tex. Apr. 13, 2023) ("Grappler correctly states, however, that Hollowell does not clearly support Plaintiffs' use of the Successorship Doctrine because it does not apply a federal law or Texas law successorship theory.") (internal citations removed).  Plaintiffs have not adequately alleged this theory nor did they appear to

properly raise it before the Magistrate Judge. Accordingly, this objection is overruled.

    C.    <u>Additional Facts</u>

Plaintiffs next contend that the facts and evidence uncovered in this case since briefing concluded support an exercise of personal jurisdiction. (Dkt. # 71 at 14.) According to Plaintiffs, the limited amount of discovery that has occurred since briefing the motion to dismiss indicates that EV Defendants had minimum contacts in Texas to support personal jurisdiction and that they operated as Bond's alter ego. (<u>Id.</u> at 14–15.) Additionally, Plaintiffs claim that Bond's CEO offered to settle with Plaintiffs, indicating that their allegations are true and that "Bond is thinly-capitalized and does the bidding of the EV Defendants, who financially prop up its operations." (<u>Id.</u> at 15.)

First, to the extent Plaintiffs seek to introduce new evidence into the record, it cannot be an objection to the Magistrate Judge's Report since Judge Howell never had an opportunity to consider the purported evidence. In any case, Plaintiffs' "new evidence" does not appear to change the outcome of the Court's decision in this case regarding personal jurisdiction. Instead, the documents—dated prior to Bond's purchase of Scribe—constitute due diligence and do not support the exercise of personal jurisdiction in this case. Nor does the purported settlement offer support personal jurisdiction here—it is Bond and its CEO that are

15

alleged to have made the settlement offers, further highlighting the Court's decision that there is no alter ego relationship between the relevant parties. Accordingly, to the extent this last issue is an objection, it is overruled.

## CONCLUSION

The automatic stay previously entered in this case is now **LIFTED**. Furthermore, having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. The Court thus **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 67), and **GRANTS** EV Defendants' Motion to Dismiss (Dkt. # 27.) The EV Defendants are thus **TERMINATED** as parties in this case.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, October 24, 2024.

_____
David Alan Ezra
Senior United States District Judge