IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALYSSA CORMIER, ET. AL, | § | No. 1:23-CV-647-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| SCRIBE MEDIA, LLC, ET. AL, | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND
(2) GRANTING PLAINTIFFS' MOTION TO CERTIFY CLASS

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 76) submitted by United States Magistrate Judge Dustin Howell. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report and conducting its own de novo review of the issues raised in the objections, the Court **ADOPTS** Judge Howell's recommendation and **GRANTS** Plaintiffs Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman's ("Plaintiffs") Motion to Certify Class (Dkt. # 40).

BACKGROUND

The Court will recite the background facts of this matter as stated by Judge Howell in his Report.[1] On June 7, 2023, Plaintiffs initiated this putative class-action lawsuit based on Defendant Scribe Media, LLC's ("Scribe") alleged violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). (Dkt. # 23.) Plaintiffs allege that Scribe, an Austin-based publishing company, failed to comply with the WARN Act's notice requirement when it terminated ninety of its employees on May 24, 2023. (Id. at 4, 18.) Scribe, which had been experiencing financial difficulties, subsequently sought to sell the company to eliminate debts and gain investors. (Id. at 4, 7.) According to Plaintiffs' third amended complaint, Enduring Ventures, Inc. ("EV"),[2] announced on LinkedIn in June 2023 that it had purchased Scribe. (Id. at 8–9.) Plaintiffs allege that EV created Defendant Bond Financial Technologies ("Bond"), an Austin-based company, to assume control of Scribe. (Id.) Bond contends that it purchased certain Scribe assets, not liabilities, in a foreclosure sale on August 25, 2023. (Dkt. # 79 at 2.)

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

[2] The Court dismissed EV, Enduring Consulting Group LLC ("EC"), and Enduring Ventures TY Partnership LLC ("EVP") as defendants in this case on October 24, 2024. (Dkt. # 77.)

On April 25, 2024, Plaintiffs moved to certify a class of individuals who were impacted by the layoff. (Dkt. # 40.) On May 16, 2024, Bond filed a response in opposition. (Dkt. # 45.) On June 6, 2024, Plaintiffs filed their reply. (Dkt. # 47.) On May 17, 2024, the motion was referred to Magistrate Judge Howell for his Report.[3] On October 4, 2024, Judge Howell held an evidentiary hearing on the motion. (Dkt. # 72.) On October 16, 2024, Judge Howell issued his Report. (Dkt. # 76.) On October 30, 2024, Plaintiffs filed objections to the Report (Dkt. # 79); on November 13, 2024, Plaintiffs filed a response to the objections (Dkt. # 81). The objections are addressed below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or

---

[3] On August 9, 2024, this case was reassigned to the undersigned. (Dkt. # 54.)

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Plaintiffs' motion seeks to certify a class of "[a]ll former Scribe employees throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning in May 2023." (Dkt. # 40 at 2.) However, in his Report, Judge Howell found that the proposed class definition should be revised to include "[a]ll former Scribe employees throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning on May *24*, 2023," in order to bring Plaintiffs' proposed class definition into alignment with the record in this case and the pertinent statute. (Dkt. # 76 at 6 (emphasis added).)

Additionally, the Magistrate Judge determined that Plaintiffs satisfied Rule 23(a)'s four conditions for class certification, as well as Rule 23(b)(3)'s requirements that common questions predominate over individualized ones and

that a class action is the superior method of resolving the WARN Act claims in this case. (Id.) Judge Howell ultimately recommended the Court grant Plaintiffs' motion to certify. (Id.) Judge Howell thereafter recommended that the Court allow notice to be provided to potential class members through Plaintiffs' proposed methods of First-Class mail, postage prepaid, SMS/text, and electronic mail. (Id. at 20.)

Bond has filed objections to the Report. (Dkt. # 76.) Bond objects on the basis that the Magistrate Judge conducted the class certification assessment "without the requisite degree of exactitude, resulting in a recommendation for certification on a record that, respectfully, does not support it." (Dkt. # 79 at 4.) Bond argues that: (1) the putative class is not so numerous as to justify certification; (2) there are not common questions in material dispute; (3) the claims of the named plaintiffs are not typical; (4) the named plaintiffs are not adequate representatives; (5) class certification is not a superior means of resolution; and (6) if a class is certified, it should be limited to those persons terminated on May 24, 2023, only. (Dkt. # 79.) The Court addresses each objection in turn.

A.     <u>Numerosity</u>

Bond first begins by arguing that the number of people laid off was below 50 people and not upwards of 128 people as discussed by the Magistrate Judge. (Dkt. # 79 at 4 n.2.) Additionally, Bond objects to the Magistrate Judge's

findings that others were laid off in June, or after May 24, 2023, as well as the Magistrate Judge's recommendation to broaden the putative class. (Id. at 4–5.) Bond also argues that remote employees are not necessarily of a "single site of employment" for purposes of the WARN Act and should not be considered part of a "mass layoff" because the scattered nature of its employees counsels against liability under the Act. (Id. at 6.) Additionally, Bond contends the Magistrate Judge ignored evidence that many potential class members had not worked at Scribe the previous six months of the year, rendering them ineligible for Warn Act protections. (Id. at 7.) Bond also asserts that many potential class members have already settled their claims and thus any other potential members could do the same without being part of a class in this case. (Id.)

Upon thorough de novo review, the Court rejects Bond's contention regarding the numerosity requirement of Rule 23(a). Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As the Magistrate Judge correctly noted, when assessing numerosity in the context of WARN Act claims, courts do not focus on "sheer numbers alone," but instead on "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." In re TWL Corp., 712 F.3d 886, 894 (5th Cir. 2013) (citations omitted). Regarding this, there are numerous courts that have certified a

class with fewer than 90 proposed members; thus, it is of no consequence that the potential numbers of plaintiffs in this case might fall below that threshold. See, e.g., Stanley v. St. Croix Basic Servs., Inc., No. CIV. 2003/0055, 2008 WL 4861448 (D.V.I. Nov. 3, 2008 (finding numerosity requirement met for proposed class of 67 individuals); Quintero v. Mulberry Thai Silks, Inc., No. C 08-02294 MHP, 2008 WL 4666395, at *3 (N.D. Cal. Oct. 22, 2008) (finding numerosity requirement satisfied where proposed class included approximately 60 individuals).  Bond also repeats its argument that remote workers should not be included in this case and that many potential members did not work for more than six months.  And, once again, Bond cites no authority for these arguments and the Court will overrule any objection on this basis.  Furthermore, the length of time a potential member worked for Scribe goes to the merits which the Court will not consider at this time.

        The Court also finds, as did the Magistrate Judge, that Plaintiffs claims in the class are "particularly amenable" to class certification given the evidence in this case that certain plaintiffs do not have the "resources to file a case individually on [their] own behalf." (Dkt. # 40-1 at 5; see also Dkts. ## 40-2, 403, 40-4.)  Additionally, the likely small size of each class member's damages for claims would likely preclude their ability to sue on their own.  (See id.)  The Court will thus overrule Bond's objections regarding the numerosity requirement.

7

B.  Commonality

Bond next objects that there are not common questions in material dispute in this case. (Dkt. # 79 at 7.) Bond asserts that contrary to the Magistrate Judge's findings, most of the referenced common questions are highly individualized inquiries and thus not appropriate for class resolution. (Id. at 8.) Bond argues that there are significant differences between those who worked for Scribe less than six months and those tenured for longer. (Id.) Bond also objects that whether all the proposed class members suffered the same injury is highly individualized. (Id. at 9.) Bond further argues that if it succeeds on its successor liability defense, then there is no common issue that should factor in the Court's assessment of commonality. (Id. at 10.)

The Court overrules Bond's objections as to the commonality factor upon its de novo review of the issues. Rule 23(a) requires that Plaintiffs establish that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is "met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." Lightbourn v. Cnty. of El Paso, Tex., 118 F.3d 421, 426 (5th Cir. 1997) (citation removed); see also Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986) ("The threshold of 'commonality' is not high.").

Bond again reasserts the same argument in its commonality objections as it did before the Magistrate Judge.  Bond has failed to identify any case law or statutory basis for its argument that a part-time employee or those employed for a shorter time period should not receive protection under the WARN Act in the same way as a full-time employee or a longer tenured employee.  Instead, such distinction may only be relevant in determining whether the WARN Act applies to the entire class.  If the WARN Act indeed applies, then those members of the class would be entitled to damages and would therefore be a question common to that class.  Regarding Bond's argument concerning successor liability, the merits of such defense have yet to be considered by this Court and therefore the Court declines to entertain this objection.  In sum, the Court finds no basis to reconsider the Magistrate Judge's conclusion on the commonality factor and Bond's objection is therefore overruled.

C. <u>Typicality</u>

Bond next repeats its argument that the claims of the named Plaintiffs are not typical of the proposed members of the class. (Dkt. # 79 at 11.)  According to Bond, the Magistrate Judge's findings on typicality "piggybacks from its findings on commonality" and errs for the same reasons.  (<u>Id.</u>)  Bond again asserts that the Magistrate Judge's conclusion again overlooks the individualized inquiry that the Court must look at when assessing typicality.  (<u>Id.</u>)

9

The Court rejects Bond's contention.  Under Rule 23(a)(3), Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  "Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent" and is "not [a] demanding" test.  Lightbourn, 118 F.3d at 426.  Upon de novo review, the Court finds the Magistrate Judge's conclusions were correct that Plaintiffs have shown that "in the event the class members in this case were to proceed in a parallel action, they would advance legal and remedial theories similar, if not identical, to those advanced by the named plaintiffs," and thus Plaintiffs satisfied the typicality requirement.  Id.

D. <u>Adequacy of Representation</u>

Repeating its arguments, Bond contends the named plaintiffs in this case are not adequate representatives.  Upon de novo review, the Court will deny this objection.  Rule 23(a)(4) requires Plaintiffs to demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This rule "mandates an inquiry into the zeal and competence of the representative's counsel and into the willingness and ability of the representative to take an active role in and control the litigation and to protect

the interests of absentees." Horton v. Goose Creek ISD, 690 F.2d 470, 484 (5th Cir. 1982).

The Magistrate Judge correctly noted that Bond did not take any issue with Plaintiffs' counsel's "zeal and competence." Nor does Bond object to counsel's competence now. And, upon de novo review, the Court agrees with the Magistrate Judge that Plaintiffs' interests in obtaining class wide resolution lines up with the putative class members and that no major conflicts exist. Accordingly, the Court will overrule Bond's objections on this last Rule 23(a) factor.

E. Superiority

Bond again argues in its objections that class certification is not a superior means of resolution under Rule 23(b). (Dkt. # 79 at 14.) Bond repeats its arguments that individualized questions predominate the issues in this case and that other individualized issues may demonstrate that not all putative members can comprise the same class. (Id. at 15.) Bond further asserts that a class action is not a superior means to resolve WARN Act claims because not all the proposed class members live in this jurisdictional district, among others. (Id. at 16–17.)

To certify a class under Rule 23(b), the court must determine that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b)(3).  The Court has taken a thorough, careful review of each of the four factors that courts should consider in evaluating whether a class should be certified under Rule 23(b)(3): (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and (4) "the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3).  And, upon de novo review, the Court will overrule Bond's objections to the Magistrate Judge's findings on each of these factors.  The Magistrate Judge correctly determined that Plaintiffs identified common legal and factual issues that need to be resolved according to identical legal standards and evidence.  For instance, questions such as whether the WARN Act was violated and whether Bond is a successor in liability for Scribe for Plaintiffs and putative class members turn on the same legal issues, which are central to the case.  Additionally, the Court finds that adjudicating this case once in this district as a class action is superior to adjudicating it several times in several courts across the country.  The Court thus agrees with the Magistrate Judge's conclusion that Plaintiffs satisfy Rule 23(b)(3)'s requirements that common questions predominate over individualized ones and that a class action is the superior method of resolving the WARN Act claims in this case.

F.      Whether Certification Should be Limited

The Court also overrules Bond's objection that should a class be certified, it should be limited to only those employees terminated on May 24, 2023. (See Dkt. # 79 at 17.) After reviewing the matter de novo, the Court agrees with the Magistrate Judge's conclusion that the record demonstrates that class members may have been laid off after May 24, 2023, and that the statute itself permits courts to consider employment losses "within any 90-day period" of an alleged layoff date to ascertain whether other terminations were part of the same "mass layoff," as defined under the statute.

CONCLUSION

Based on the foregoing, having made a careful de novo review of the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. The Court thus **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 76), and **GRANTS** Plaintiffs' Motion to Certify Class (Dkt. # 40). The certified class is defined as "[a]ll former Scribe employees throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning on May 24, 2023." The Court further **ORDERS** that Plaintiffs Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman are appointed as class representatives,

and that Kaplan Law Firm, PLCC is appointed as class counsel. It is further

**ORDERED** that Plaintiffs must provide notice to potential class members through First Class mail, postage prepaid, by SMS/text, and by electronic mail.

    **IT IS SO ORDERED.**

    **DATE:** Austin, Texas, November 22, 2024.

_____
David Alan Ezra
Senior United States District Judge